```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  YOSHINORI H. T. HIMEL #66194
    Assistant United States Attorney
 3  Eastern District of California
    501 I Street, Suite 10-100
 4  Sacramento, California 95814-2322
    Telephone: (916) 554-2760
 5
 6
 7
 8          IN THE UNITED STATES DISTRICT COURT FOR THE
 9                 EASTERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA, and        **VERIFIED PETITION TO
    MICHAEL FLATH, Revenue Officer,      ENFORCE INTERNAL REVENUE
12  Internal Revenue Service,            SERVICE SUMMONS**
13          Petitioners,                 Taxpayers: Robert B. Ravenscroft Jr.
                                         and Debi L. Ravenscroft
14       v.
15  ROBERT B. RAVENSCROFT JR.
16          Respondent.
17
```

Petitioners, the UNITED STATES OF AMERICA and MICHAEL FLATH, Revenue Officer of the Internal Revenue Service, by their attorney, McGREGOR W. SCOTT, United States Attorney for the Eastern District of California, allege:

A. JURISDICTION

1. This proceeding is brought under the authority of I.R.C. Sections 7402(b) and 7604(a) for judicial enforcement of an Internal Revenue Service summons. Subject matter jurisdiction is given by 28 U.S.C. Sections 1340 (actions under the internal revenue laws) and 1345 (proceedings by the United States).

B. PARTIES

2. By personal knowledge and knowledge of applicable procedures, petitioner MICHAEL FLATH is a duly commissioned Revenue Officer employed in the Small

1

1 | Business/Self-Employed California Area, Internal Revenue Service.  The petitioning
2 | Revenue Officer is authorized to issue an Internal Revenue Service summons pursuant to
3 | the authority contained in Section 7602 of Title 26 U.S.C., and Treasury  Regulation
4 | Section 301.7602-1, 26 C.F.R. Section 301.7602-1; and Internal Revenue Service
5 | Delegation Order No. 4 (as revised).

6 | 3. By knowledge of the investigation, the respondent, ROBERT B. RAVENSCROFT JR., resides at 10901 Mill Springs Dr., Nevada City, California, within the jurisdiction of this Court.

7 | 4. By personal knowledge, petitioning Revenue Officer MICHAEL FLATH is conducting an investigation of ROBERT B. RAVENSCROFT JR. and DEBI L. RAVENSCROFT to determine financial information for  the collection of assessed income taxes for the years ending December 31, 2000  and December 31, 2001.

8 | 5. On information and belief, the respondent, ROBERT B. RAVENSCROFT JR., is in possession and control of testimony, books, records, papers, and other data that may shed light on the matters to be ascertained in the above-described investigation.

9 | 6. By personal knowledge, on May 2, 2005, Revenue Officer MICHAEL FLATH issued an Internal Revenue Service summons directing the respondent, ROBERT B. RAVENSCROFT JR., to appear before the Revenue Officer on May 19, 2005, at the hour of 10:00 A.M., at 4330 Watt Avenue, Sacramento, California, to testify and to produce for examination the books, records, papers and other data described in the summons.

10 | 7. By personal knowledge, on May 2, 2005, Revenue Officer MICHAEL FLATH handed an attested copy of the summons to DEBI L. RAVENSCROFT at the last and usual place of abode of the person to whom the summons was directed, ROBERT B. RAVENSCROFT JR.

11 | 8. By personal knowledge and knowledge of the investigation, an accurate copy of the summons mentioned in the preceding paragraph has been supplied for attachment hereto as Exhibit A to the petition.  This Exhibit is hereby adopted by reference.

|   |   |
|---|---|
| 1 | 9. By personal knowledge, on May 17, 2005, Revenue Officer MICHAEL |
| 2 | FLATH received a letter bearing the signature of the respondent, ROBERT B. |
| 3 | RAVENSCROFT JR., and enclosing a defaced copy of the summons and voluminous |

9. By personal knowledge, on May 17, 2005, Revenue Officer MICHAEL FLATH received a letter bearing the signature of the respondent, ROBERT B. RAVENSCROFT JR., and enclosing a defaced copy of the summons and voluminous other material. By personal knowledge and knowledge of the investigation, an accurate copy of the letter has been supplied for attachment hereto as <u>Exhibit B</u>, and an accurate copy of the defaced copy of the summons has been supplied for attachment hereto as <u>Exhibit C</u> to the petition. These Exhibits are hereby adopted by reference. The other enclosures to the letter are not attached because of their volume, but are available on request.

10. By personal knowledge, respondent, ROBERT B. RAVENSCROFT JR., did not appear in response to the summons. Respondent did not produce any of the documents specified in the summons, or provide any testimony specified in the summons.

11. By personal knowledge and knowledge of the investigation, respondent's refusal to comply with the summons continues to date.

12. By knowledge of the investigation, the testimony, books, records, papers and other data sought by the summons are not already in possession of the Internal Revenue Service.

13. By personal knowledge, the testimony and the books, records, papers and other data sought by the summons are necessary to conduct an investigation of Robert B. Ravenscroft Jr. and Debi L. Ravenscroft to determine financial information for collection of assessed income tax for the years ending December 31, 2000 and December 31, 2001.

14. By personal knowledge and knowledge of applicable procedures, all administrative steps required by the Internal Revenue Code of 1986 for the issuance of a summons have been taken.

WHEREFORE, petitioners respectfully pray:

1. That this Court enter an order directing respondent, ROBERT B. RAVENSCROFT JR., to show cause, if any, why respondent should not comply with and obey the summons and each and every requirement thereof;

3

1     2. That this Court enter an order directing respondent, ROBERT B. RAVENSCROFT JR., to obey the aforementioned summons and each and every requirement thereof, by ordering the attendance, testimony and production of the books, records, papers and other data as is required and called for by the terms of the summons, before Revenue Officer MICHAEL FLATH or any other proper officer or employee of the Internal Revenue Service;

    3. That the United States recover its costs in maintaining this action; and

    4. That this Court grant such other and further relief as is just and proper.

                                            McGREGOR W. SCOTT
                                            United States Attorney

                       By:   /s/ Y H T Himel
                               YOSHINORI H. T. HIMEL
                               Assistant U.S. Attorney

## VERIFICATION BY REVENUE OFFICER MICHAEL FLATH

Revenue Officer MICHAEL FLATH pursuant to 28 U.S.C. § 1746(2), verifies as follows:

1. I am the Revenue Officer petitioner in this case.
2. Regarding the numbered paragraphs in this petition except for paragraph 1:
   a. If an allegation in those paragraphs is labeled "by personal knowledge," it is a matter that I know to be true from my own personal knowledge.
   b. If an allegation in those paragraphs is labeled "by knowledge of applicable procedures," it is a matter that I know to be true from my knowledge of Internal Revenue Service procedures.
   c. If an allegation in those paragraphs in labeled "by knowledge of the investigation," it is a matter of which I have been informed by oral or written communication within the investigation in suit, and it accords with my understanding of the facts of the case.
   d. If an allegation in that section is labeled "on information and belief," it is a matter of which I do not necessarily have personal knowledge, but it accords with my understanding of the facts of the case.

| | |
|---|---|
| 1 | |
| 2 | I verify under penalty of perjury that the foregoing is |
| 3 | true and correct. Executed on _June 28_, 2005. |
| 4 | |
| 5 | _[signature]_ |
| 6 | MICHAEL PLATH<br>Revenue Officer<br>Internal Revenue Service |

**EXHIBIT A**

**IRS Summons Issued May 2, 2005**


# Summons

In the matter of   Robert B Jr & Debi L Ravenscroft, 10901 Mill Springs Dr, Nevada City, CA 95959

Internal Revenue Service (Division): **Small Business/Self Employed**

Industry/Area (name or number): **Small Business/Self Employed - California Area**

Periods **Calendar Periods Ended: December 31, 2000; December 31, 2001**

## The Commissioner of Internal Revenue

To   Robert B. Ravenscroft Jr.
At   10901 Mill Springs Dr., Nevada City, CA 95959

You are hereby summoned and required to appear before Michael Flath, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

All documents in your possession and control reflecting the assets and liabilities of the above named taxpayer(s) including, but not limited to, the following: all bank statements, checkbooks, canceled checks, savings account passbooks, and records of certificates of deposit, for June 1, 2004 to date of full compliance with this summons, regarding accounts or assets held in the name of the taxpayer(s) or held for the benefit of the taxpayer(s); all records or documents regarding stocks and bonds, deeds or contracts regarding real property, current registration certificates for motor vehicles, and life or health insurance policies currently in force, any of which items are owned, wholly or partially, by the taxpayer(s), or in which the taxpayer(s) have a security interest, or held for the benefit of either or both of the taxpayer(s), so that a current Collection Information Statement may be prepared. A blank copy of such Collection Information Statement is attached hereto to guide you in the production of the necessary documents and records.

**Do not write in this space**

---

**Business address and telephone number of IRS officer before whom you are to appear:**

4330 Watt Ave SA 4307-2010, Sacramento, CA 95821   916-974-5180

**Place and time for appearance at:**   4330 Watt Ave SA 4307-2010, Sacramento, CA 95821

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.gov
Form 2039(Rev. 12-2001)
Catalog Number 21405J

on the __19th__ day of __May__, __2005__ at __10:00__ o'clock __A__ m.

Issued under authority of the Internal Revenue Code this _2nd_ day of _MAY_, _2005_

_____   **Revenue Officer**
Signature of Issuing Officer           Title

_____   _____
Signature of Approving Officer (if applicable)   Title

**Original** -- to be kept by IRS



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| 5-2-05 | 10:15 A.M. |

**How Summons Was Served**

1. ☐ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☒ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): Debi Ravenscroft

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: _____

Signature: [signature]    Title: Revenue Officer

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: NA    Time: _____

Name of Noticee: NA

Address of Noticee (if mailed): NA

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summonsed.

☒ No notice is required.

Signature: [signature]    Title: Revenue Officer

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

Signature: _____    Title: _____

Form 2039 (Rev. 12-2001)

**EXHIBIT B**

**Letter dated May 13, 2005, Ravenscroft to Flath**

ROBERT B. RAVENSCROFT, JR.
c/o 10901 Mill Springs Drive
Nevada City, (95959)
California

May 13, 2005

Michael Flath
Internal Revenue Service, Collector
For Dept. of the Treasury, FMS
ATTN: SB/SE Group 1835
4330 Watt Ave SA 4307-2010
Sacramento, CA 95821

Subject: Your request for information, dated: May 2, 2005
RE: 3rd Party: ROBERT B. RAVENSCROFT, JR.

Dear Mr. Flath :

    Why are you requesting from me, a California Sovereign, information about my personal matters with the 3rd Party non-federal citizen noted above? Please provide me a certified copy of the 3rd Party's written consent (executed on *Form 6014 Authorization Access to Third-Party Records for Internal Revenue Service Employees*) authorizing you to contact me. Please provide your delegation of authority from the Secretary of Treasury, to the Commissioner of Internal Revenue and pocket commission to act in your alleged capacity

    Why are you using *Title 26* IRC codes that are only implemented by regulations from *Title 27 CFR*? Are you alleging the 3rd Party is engaged in *Title 27* federal excise taxable activities? I am not aware of the 3rd party being engaged in any federal excise taxable activities, and I assure you that I have not transacted business related to *Title 27CFR* (Exhibit A) federal activities.

    I notice at the bottom of your request for information, you use the phrase " complying with this request." Please provide me a copy of the law(s), specifically the Statutes passed by Congress, that compels me to "comply" with a voluntary request for information.

    I object to and do not consent to being contacted by one of the Secretary's employees. I object to and do not consent to being treated as a federal citizen, federal employee, federal officer, or federal elected official. My research cannot locate any law that compels me, a California Sovereign, to participate in any federal municipal law, i.e., the internal revenue code and social security.

    I comply with all laws that are applicable to me, as a California Sovereign. I object to and do not consent to you prying into my private personal or private business matters. I object to and do not consent to provide you any information, since I cannot locate any law compelling me to do so. Therefore I am refusing for cause without dishonor CCC3501 and returning your presentment for the good cause as articulated herein.

    Accordingly, I object to and do not consent to you contacting third parties regarding me. I have not waived any of my fundamental rights to privacy and due process, nor have I have not signed any *Form 12180 Third Party Contact Authorization Form*.

1

If you disagree with my determination to not "comply" to your request for voluntary information, please send to me any determination maintained in any system of records that supports your position to the contrary. Include the facts behind that determination and the reference to the statutes upon which those facts were measured.

I would think that 30 business days should be sufficient for your response. If, however, you need additional time, please make your request in writing, stating the specific time you will need and your request will be granted in writing.

If you agree with my determination, please notify me of the action you are taking to correct this matter as it pertains to me, specifically stating how the matter will be corrected and include the name of your immediate supervisor.

If this is not the proper form or format to meet your internal procedure for making these requests, please send the forms and instructions.

In making my request, I rely upon the Supreme Court decision of **FEDERAL CROP INSURANCE CORPORATION V. MERRILL, 332 U.S. 380 at 384 (1947)**

> *"Whatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority....and this is so even though as here the agent himself may have been unaware of the limitations upon his authority."*

If you do not provide the documents I have requested above, you will have established that you have no lawful authority to make any inquiry into my personal affairs. Therefore you will be time barred from any further inquiries and any other actions by you will be considered a trespass and a tort under color of authority and color of law.

Should you have questions about my "complying" requirements, advise me in writing. Do not harass, call or trespass upon private property to contact me.

Regards,

*RHB. R[signature], WITHOUT RECOURSE 5/15/05*

Robert B. Ravenscroft, Jr.
California Sovereign on the land, all rights reserved.


Encl.    Summons; refused for cause without dishonor CCC 3501.
          Exhibit A, CFR Index and CFR Title 27

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14 **<u>EXHIBIT C</u>**
15 **Summons As Returned by Respondent**
16
17
18
19
20
21
22
23
24
25
26
27
28



# Summons

In the matter of  Robert B Jr & Debi L Ravenscroft, 10901 Mill Springs Dr, Nevada City, CA 95959

Internal Revenue Service (Division): **Small Business/Self Employed**

Industry/Area (name or number): **Small Business/Self Employed - California Area**

Periods **Calendar Periods Ended: December 31, 2000; December 31, 2001**

### The Commissioner of Internal Revenue

To  Robert B. Ravenscroft Jr.

At  10901 Mill Springs Dr., Nevada City, CA 95959

You are hereby summoned and required to appear before Michael Flath, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

All documents in your possession and control reflecting the assets and liabilities of the above named taxpayer(s) including, but not limited to, the following: all bank statements, checkbooks, canceled checks, savings account passbooks, and records of certificates of deposit, for June 1, 2004 to date of full compliance with this summons, regarding accounts or assets held in the name of the taxpayer(s) or held for the benefit of the taxpayer(s); all records or documents regarding stocks and bonds, deeds or contracts regarding real property, current registration certificates for motor vehicles, and life or health insurance policies currently in force, any of which items are owned, wholly or partially, by the taxpayer(s), or in which the taxpayer(s) have a security interest, or held for the benefit of either or both of the taxpayer(s), so that a current Collection Information Statement may be prepared. A blank copy of such Collection Information Statement is attached hereto to guide you in the production of the necessary documents and records.

*REQUEST FOR CAUSE, WITHOUT DISHONOR, CCC 3501*

*R.A.B.R. , WITHOUT RECOURSE 5/15/05*

### Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

_____  **Revenue Officer, 68-10442**
Signature of IRS Official Serving the Summons    Title

**Business address and telephone number of IRS officer before whom you are to appear:**

4330 Watt Ave SA 4307-2010, Sacramento, CA 95821   916-974-5180

**Place and time for appearance at:**  4330 Watt Ave SA 4307-2010, Sacramento, CA 95821

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.gov
Form 2039(Rev. 12-2001)
Catalog Number 21405J

on the  19th  day of  May , 2005 at  10:00 o'clock A m.

Issued under authority of the Internal Revenue Code this 2nd day of MAY , 2005

_____  **Revenue Officer**
Signature of Issuing Officer    Title

_____  _____
Signature of Approving Officer *(if applicable)*   Title

Part A -- to be given to person summoned


# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses.

(a) Authority to Summon, Etc.—For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized—
  (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
  (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
  (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense.—The purposes to which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties.—
  (1) General Notice.—An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with person other than the taxpayer may be made.
  (2) Notice of specific contacts.—The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.
  (3) Exceptions.—This subsection shall not apply—
    (A) to any contact which the taxpayer has authorized,
    (B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or
    (C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral—
  (1) Limitation of authority.—No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.
  (2) Justice Department referral in effect.—For purposes of this subsection—
    (A) In general.—A Justice Department referral is in effect with respect to any person if—
      (i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws, or
      (ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.
    (B) Termination.—A Justice Department referral shall cease to be in effect with respect to a person when—
      (i) the Attorney General notifies the Secretary, in writing, that—
        (I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,
        (II) he will not authorize a grand jury investigation of such person with respect to such an offense, or
        (III) he will discontinue such a grand jury investigation.
      (ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or
      (iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).
  (3) Taxable years, etc., treated separately.—Fore purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income.—The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

Authority to examine books and witnesses is also provided under sec. 6420(e)(2)-—Gasoline used on farms; sec. 6421(g)(2)—Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2)—Fuels not used for taxable purposes.

* * * * *

## Sec. 7603. Service f Summons

(a) In general—A Summons ed under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 760 shall be served by the Secretary, by an attested copy delivered in hand to the person whom it is directed, or left at his last and usual place of abode; and the certificate of servic signed by the person serving the summons shall be evidence of the facts it states on th hearing of an application for the enforcement of the summons. When the summons require the production of books, papers, records or other data, it shall be sufficient if such book papers, records, or other data are described with reasonable certainly.
(b) Service by mail to third-party recordkeepers.--
  (1) In general.—A summons referred to in subsection (a) for the production of book papers, records, or other data by a third-party recordkeeper may also be served b certified or registered mail to the last known address of such recordkeeper.
  (2) Third party recordkeeper.—For purpose of paragraph (1), the term *third-par recordkeeper* means—
    (A) any mutual savings bank, cooperative bank, domestic building and loa association, or other savings institution chartered and supervised as a saving and loan or similar association under Federal or State law, any bank (as define in section 581), or any credit union (within the meaning of section 501(c)(14)(A));
    (B) any consumer reporting agency (as defined under section 603(f) of the Fa Credit Reporting Act (15 U.S.C. 1681 a(f));
    (C) any person extending credit through the use of credit cards or similar device
    (D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act 1934 (15 U.S.C. 78c(a)(4));
    (E) any attorney;
    (F) any accountant;
    (G) any barter exchange (as defined in section 6045(c)(3));
    (H) any regulated investment company (as defined in section 851) and any age of such regulated investment company when acting as an agent thereof;
    (I) any enrolled agent; and
    (J) any owner or developer of a computer software source code (as defined i section 7612(d)(2)). Subparagraph (J) shall apply only with respect to summons requiring the production of the source code referred to in subparagrap (J) or the program and data described in section 7612(b)(1)(A)(ii) to which sourc code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. —If any person is summoned under the internal revenue law to appear, to testify, or to produce books, papers, records, or other data, the United State district court for the district in which such person resides or is found shall have jurisdiction b appropriate process to compel such attendance, testimony, or production of books, paper records, or other data.
(b) Enforcement.—Whenever any person summoned under section 6420(e)(2), 6421(g)(2 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, paper records, or other data, or to give testimony, as required, the Secretary may apply to the judg of the district court or to a United States Commissioner[1] for the district within which th person so summoned resides or is found for an attachment against him as for a contempt, shall be the duty of the judge or commissioner[1] to hear the application, and, if satisfactor proof is made, to issue an attachment, directed to some proper officer, for the arrest of suc person, and upon his being brought before him to proceed to a hearing of the case; and upo such hearing the judge or the United States Commissioner[1] shall have power to make suc order as he shall deem proper, not inconsistent with the law for the punishment of contemp to enforce obedience to the requirements of the summons and to punish such person for hi default or disobedience.

* * * * *

## Sec. 7605. Time and place of examination

(a) Time and Place.—The time and place of examination pursuant to the provisions of sectio 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed b the Secretary and as are reasonable under the circumstances. In the case of a summon under authority of paragraph (2) of section 7602, or under the corresponding authority c section 6420(e)(2), 6421(g)(2), or 6427(j)(2), the date fixed for appearance before th Secretary shall not be less than 10 days from the date of the summons.

---
[1] Or United States magistrate, pursuant to P. L. 90-578.

## Sec. 7610. Fees and costs for witnesses

(a) In General.—The Secretary shall by regulations establish the rates and conditions und which payment may be made of—
  (1) fees and mileage to persons who are summoned to appear before the Secretar and
  (2) reimbursement for such costs that are reasonably necessary which have bee directly incurred in searching for, reproducing, or transporting books, papers, record or other data required to be produced by summons.
(b) Exceptions.—No payment may be made under paragraph (2) of subsection (a) if—
  (1) the person with respect to whose liability the summons is issued has a proprietar interest in the books, papers, records or other data required to be produced, or
  (2) the person summoned is the person with respect to whose liability the summons i issued or an officer, employee, agent, accountant, or attorney of such person who, the time the summons is served, is acting as such.
(c) Summons to which section applies.—This section applies with respect to any summon authorized under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce book accounts, records, memoranda, or other papers, as required under sections 6420(e)(2 6421(g)(2), 6427(j)(2), 7602, 7603 and 7604(b), neglects to appear or to produce suc books, accounts, records, memoranda, or other papers, shall, upon conviction thereof, b fined not more than $1,000, or imprisoned not more than 1 year, or both, together with cost of prosecution.